IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | 99-CV-1361-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **TERRY NEAL,** | |
| Defendant. | |

**KARIN J. IMMERGUT**
United States Attorney
**ROBERT D. NESLER**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

**CARL ALAN TIBBETS**
**GORDON JAMES BRUMBACK**
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549-4631
(202) 551-4483

       Attorneys for Plaintiff

1 - OPINION AND ORDER

**RONALD H. HOEVET**
Hoevet, Boise & Olson, P.C.
1000 S.W. Broadway
Suite 1500
Portland, OR 97205
(503) 228-0497

      Attorneys for Defendant

**ROBERT J. SHELIST**
Law Offices of Robert J. Shelist
1061 W. Monroe Street
Chicago, IL 60607
(312) 226-0675

      Claimant, *Pro Se*

**WILLIAM L. LARKINS, JR.**
Larkins & Vacura, LLP
808 S.W. Third Avenue
Suite 540
Portland, OR 97204
(503) 222-4424

**DAVID R. ZARO**
Allen Matkins Leck Gamble Mallory & Natsis LLP
515 S. Figueroa Street
Suite 700
Los Angeles, CA 90071-3398
(213) 622-5555

      Attorneys for Receiver Michael A. Grassmueck

**BROWN, Judge.**

    This matter comes before the Court on Claimant Robert J. Shelist's Objection (#166) to the Final Report and Financial Accounting of the Receiver, Close-Out of the Receivership Estate, Release of the Receiver (#163), Denial of Claim and Motion for Sanctions. For the reasons that follow, the Court **DENIES** Claimant's Objection.

2 - OPINION AND ORDER

**BACKGROUND**

On September 27, 1999, the Securities and Exchange Commission brought this action against numerous Defendants alleging securities fraud.  On June 25, 2004, the Court appointed a Receiver in this matter.

On April 13, 2005, the Court granted the Receiver's Motion to Set Bar Date, Approve Form of Notice, Preliminarily Approve Claims Procedure, and Preliminarily Approve Plan of Distribution in this matter.  The Court, among other things, approved a form notice to claimants; a form of publication of the notice to claimants in the Wall Street Journal, The Seattle Post Intelligencer, and on the ITEX Corporation website; and a date of notice.  The Court also set a bar date of June 22, 2005, for filing proofs of claim against the receivership estate.

On December 9, 2005, the Receiver filed a Motion to Allow Certain Claims and Grant First Omnibus Objection to Claims in which the Receiver objected, among other things, to all claims of investors that were received after June 22, 2005.  Shelist and several other claimants filed Objections to the Receiver's Motion.  In the Receiver's Response to these Objections, the Receiver noted (1) the receivership estate received Shelist's claim after the June 22, 2005, deadline; (2) Shelist's assertion that he changed residences and did not receive the Receiver's notice in a timely manner; and (3) Shelist's assertion that the

3 - OPINION AND ORDER

Receiver must establish prejudice from the delay in order to bar Shelist's claim.

On February 24, 2006, the Court held a hearing on the Receiver's Motion.  On April 20, 2006, the Court entered an Order in which it granted the Receiver's Objection to the claims of investors received after June 22, 2005, including Shelist's claim.

On February 5, 2007, Shelist filed an Objection to the Receiver's Final Report and Financial Accounting in which he objected to the Receiver's Final Report and the denial of his claim and reiterated that he moved shortly before the Receiver sent him notice of the deadline for claims, he did not receive the notice at his new address in a timely manner, and the Receiver had not established the receivership estate was prejudiced by Shelist's delay in filing a claim.

## DISCUSSION

Shelist fails to present any evidence or argument that was not previously addressed at the hearing on April 20, 2006, to support his Objection to the Receiver's Final Report.  Although Shelist again contends the 60 days between the notice given and the claims deadline was unreasonably short, Shelist has not cited any law to support his contention.  In the circumstances of this case, the Court previously accepted the Receiver's recommendation

for a 60-day period and approved both the notice date and the claims deadline in its April 20, 2006, Order.  The record here does not reflect any basis to change that decision and, therefore, the Court adheres to it.

Accordingly, for the reasons set out in its April 20, 2006, Order granting the Receiver's Motion and denying Shelist's Objection, the Court denies Shelist's Objection to the Receiver's Final Report.

## CONCLUSION

For these reasons, the Court **DENIES** Claimant Robert J. Shelist's Objection (#166) to the Final Report and Financial Accounting of the Receiver (#163), Close-Out of the Receivership Estate, Release of the Receiver, Denial of Claim, and Motion for Sanctions.

IT IS SO ORDERED.

DATED this 24th day of April, 2007.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

5 - OPINION AND ORDER